UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Donnell Campbell, | ) | |
|           Petitioner, | ) | |
| | ) | No. 20 CV 50060 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Thomas Bergami,[1] | ) | |
|           Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Donnell Campbell has filed a petition under 28 U.S.C. § 2241 challenging his conviction for being a felon in possession of a firearm in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the reasons that follow, Mr. Campbell's petition [1] is denied.

**BACKGROUND**

On May 3, 2006, jurors convicted petitioner Donnell Campbell of one count of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g), and acquitted him of one count of possession with intent to distribute marijuana. *See United States v. Campbell*, No. 05 CR 20237 (W.D. Tenn.).

In advance of sentencing, Mr. Campbell's probation officer submitted a Presentence Investigation Report. In the PSR, the probation officer set out Mr. Campbell criminal history, which included, among other prior convictions, the following: (1) a 1997 conviction for being a felon in possession of a firearm and for aggravated assault—he was sentenced to concurrent terms of imprisonment of one year for the firearm offense and three years for the assault; and (2) a 2002 conviction for aggravated assault—he was sentenced to a term of imprisonment of three years. PSR [35] at 10-12. The defendant did not take issue with any of his prior offenses listed in his sentencing memorandum. *See United States v. Campbell*, No. 05 CR 20237 (W.D. Tenn.), Dkt. 62 at 11-12. He also agreed in the sentencing memorandum that among his prior offenses were three either violent felonies or serious drug offenses carrying a maximum sentence of at least ten years, which qualified him as an Armed Career Criminal, 18 U.S.C. § 924(e). *Id.* at 10. At sentencing on August 18, 2026, the district judge agreed that Mr. Campbell's prior offenses qualified him as an Armed Career Criminal, and the judge sentenced him to 293 months' incarceration.

Mr. Campbell appealed his conviction, but the Sixth Circuit Court of Appeals affirmed. *See United States v. Campbell*, 549 F.3d 364 (6th Cir. 2008). He then filed two motions under 28 U.S.C. § 2255 to vacate or set aside his sentence, arguing in the first that his motion to suppress evidence was wrongly denied, that the evidence against him was insufficient, and that

---

[1] The warden of AUSP Thomson is now Thomas Bergami. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

he received ineffective assistance of counsel, and in the second that he was not an Armed Career Criminal. The district judge denied both motions, *see Campbell v. United States*, Nos. 09 CV 2781, Dkt. 15 and 16 CV 2535, Dkt. 25 (W.D. Tenn.). The Sixth Circuit denied him a certificate of appealability for the first § 2255 motion, No. 09 CV 2781, Dkt. 19, and dismissed as untimely his appeal of the denial of his second § 2255 motion, *see* 16 CV 2535, Dkt. 30 (W.D. Tenn.). Mr. Campbell is currently housed at USP Coleman I, but filed this petition while at USP Thomson within the Western Division.[2] His projected release date is July 21, 2027.[3]

In his § 2241 petition, Mr. Campbell contends that his conviction for being a felon in possession of a firearm must be set aside under the U.S. Supreme Court's 2019 decision in *Rehaif v. United States* because the trial judge did not instruct jurors that to convict, the government must have proved that that he knew he belonged to one of the categories of persons prohibited from possessing a firearm, which for Mr. Campbell meant proving that he knew he was a felon.

## ANALYSIS

The normal avenue available to a federal prisoner to collaterally attack a sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of the conclusion of the direct appeal, *see* 28 U.S.C. § 2255(f); a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion must be based on either newly discovered evidence or a Supreme Court case involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2). None of those avenues is available to Mr. Campbell because his criminal matter concluded more than a year ago, he has already pursued relief § 2255, and he does not have permission to file a successive § 2255.

However, if a federal prisoner can show that § 2255 is "inadequate or ineffective to test the legality of his detention," then the prisoner may be able to obtain relief under the "saving clause" of 28 U.S.C. § 2255(e). *See Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020). If a prisoner can satisfy the "inadequate or ineffective" saving clause provision of § 2255(e), then he can attempt to obtain relief under the general federal habeas statute, 28 U.S.C. § 2241. Different circuits evaluate the "inadequate or ineffective" provision differently, and the question of which circuit's law governs the "inadequate or ineffective" inquiry—the circuit in which the defendant was convicted or the circuit in which the defendant is housed—is unsettled. *See Chazen v. Marske*, 938 F.3d 851, 865 (7th Cir. 2019) ("Today's opinion avoids resolving the choice-of-law problem . . .") (J. Barrett, concurring). However, this Court need not resolve the choice-of-law issue or determine whether Mr. Campbell can proceed under the saving clause because, even assuming that he may proceed under the savings clause, his petition must still be denied because his argument is meritless.

---

[2] A habeas petition is properly filed in the district where the inmate is located at the time of filing. *See al–Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir.2004). "[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction." *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).
[3] https://www.bop.gov/inmateloc/ (last visited May 31, 2022).

Mr. Campbell argues that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is invalid because jurors were not instructed that they could find him guilty only if the government proved that he knew he was felon, citing in support the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court first held that under 18 U.S.C. § 922(g), the government must prove not only that a defendant belonged to a group of persons prohibited from possessing a firearm or ammunition, but also that the defendant *knew* he was a member of that group. *See Rehaif*, 139 S. Ct. at 2195-96. Mr. Campbell contends that his conviction must be set aside because jurors were not instructed that the government would need to prove that he knew he was a felon. In response, the government contends that Mr. Campbell is not entitled to collateral relief because of evidence establishing that he, in fact, knew he was a felon.

Although arising in the plain error context on direct appeal, the Supreme Court has held that to get a conviction set aside under *Rehaif*, a defendant bears the burden of showing that "if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). The Supreme Court explained that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.* As a result, "it will be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Id.*

Mr. Campbell's Presentence Investigation Report sets out his criminal background. As noted above, it includes two separate convictions for which he was sentenced to three years' incarceration. If nothing else, the length of those two separate incarcerations would have caused him to realize he was a felon. Moreover, his 1997 conviction was for being a felon in possession of a firearm, so for that additional reason he would have realized he was a felon. In his sentencing memorandum, he acknowledged that he qualified as an Armed Career Criminal, meaning he had previously been convicted of three prior felonies, either violent felonies or serious drug offenses for which the maximum sentence was ten years. *See* 18 U.S.C. § 924(e). As the Supreme Court noted in *Greer*, prior felony convictions are substantial evidence that defendant knew he was a felon. *See Greer*, 141 S. Ct. at 2097-98.

The Court also finds significant that Mr. Campbell has identified no evidence that he would have presented to the jury to show that he did not know he was a felon. Mr. Campbell contends that "it is inappropriate to speculate whether a defendant could have challenged the element that was not then at issue." Reply [55] at 12, 16. But the Supreme Court held otherwise in *Greer*, when it concluded that a court may also consider any evidence the defendant contends he would have offered at trial to show that he did not know he was a felon. *See Greer*, 141 S. Ct. at 2097. Although Mr. Greer contends he is actually innocent because the government never proved that he knew he was a felon, he never identifies any evidence he would have presented on that point. In the absence of such an offer of proof, a court has "no basis to conclude that there is a 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." *Id.* at 2097.

Mr. Campbell contends that this Court may not rely on evidence that he knew he was a felon that was not presented to the jury, for instance the Presentence Investigation Report. *See*

Reply [55] at 13, 15. But in *Greer*, the Supreme Court rejected a similar argument, and held that when assessing reasonable probability, a court may look to the entire record, not just the evidence presented to the jurors at trial. *Id.* at 2098. Because of his history of felonies, and in the absence of evidence or even an assertion that he did not know he was a felon, Mr. Campbell cannot satisfy his burden to show a reasonable probability that jurors would not have convicted had they been properly instructed.. *See Greer*, 141 S. Ct. at 2100.

## CONCLUSION

For the reasons given, Mr. Campbell's petition for habeas corpus relief under 28 U.S.C. § 2241 [1] is denied.

Mr. Campbell is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Campbell need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Mr. Campbell cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: May 31, 2022    By: _____
Iain D. Johnston
United States District Judge